UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **STEVEN RICCIARDI AND KATHY PHILLIPS,** on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>**BANK OF AMERICA CORP. and BANK OF AMERICA, N.A.,**<br><br>**Defendants.** | No. 18-11629<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Steven Ricciardi and Kathy Phillips, individually and on behalf of all others similarly situated, by their attorneys, Outten & Golden LLP, Shavitz Law Group, P.A., and Fair Work P.C., upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation pay for Plaintiffs and similarly situated workers who have been employed by BANK OF AMERICA Corp. and BANK OF AMERICA, N.A. (collectively "Bank of America" or "Defendants") in the United States.

2. Plaintiffs and others similarly situated worked for Bank of America as Mortgage Loan Officers, however variously titled ("Loan Officers") at its branch locations or central loan offices nationwide.

3. The primary duty of a Loan Officer is the sale of financial products including mortgages.

4. Loan Officers originate mortgages and other loan products, and have annual targets that they are required to meet based on volume of sales.

5. Loan Officers meet with customers regularly to sell mortgage loan products, are integrated with Bank of America retail branches, and obtain referrals from the branches.

6. Loan Officers use an automated computer system to determine customers' loan eligibility.

7. Loan Officers are subject to the same job descriptions and perform the same primary duties regardless of location.

8. Loan Officers are compensated based on a monthly draw plus commissions. They earn commissions based on sales volume.

9. In order to meet productivity requirements, Loan Officers regularly work in excess of 40 hours per week.

10. Bank of America does not compensate Loan Officers for all of the hours that they work in excess of 40 each week.

11. Plaintiffs bring this action on behalf of themselves and similarly situated current and former Loan Officers nationwide who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

12. Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of Defendants who worked in Massachusetts pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations under the Massachusetts Wage Laws ("MWL"), Mass. Gen. L. c. 151 § 1A, § 1B.

## THE PARTIES

### *Plaintiffs*

#### *Steven Ricciardi*

13.     Steven Ricciardi ("Ricciardi") is an adult individual who is a resident of North Truro, Massachusetts.

14.     Ricciardi was employed by Defendants in Massachusetts as a Loan Officer from approximately February 2014 to November 2016.

15.     Ricciardi is a covered employee within the meaning of the FLSA and MWL.

16.     A written consent form for Steven Ricciardi is attached hereto as Exhibit A.

#### *Kathy Phillips*

17.     Kathy Phillips ("Phillips") is an adult individual who is a resident of Acton, Massachusetts.

18.     Phillips was employed by Defendants in Massachusetts as a Loan Officer from approximately November 2014 through March 2016.

19.     Phillips is a covered employee within the meaning of the FLSA and MWL.

20.     A written consent form for Kathy Philips is attached hereto as Exhibit B.

### *Defendants*

21.     Bank of America Corp. and Bank of America, N.A. jointly employed Plaintiffs and similarly situated employees at all times relevant.  Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

#### *Bank of America Corp.*

22.     Bank of America Corp. is a Delaware corporation with its principal place of

business in Charlotte, North Carolina and doing business as a bank, mortgage lender, and financial institution nationwide and within the State of Massachusetts.

23. Throughout the relevant period, Bank of America Corp. employed Plaintiffs and similarly situated employees within the meaning of the FLSA and the MWL.

24. Bank of America Corp. has been a covered employer within the meaning of the FLSA and the MWL and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

25. At all times relevant, Bank of America Corp. maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

26. Bank of America Corp. applies the same employment policies, practices, and procedures to all Loan Officers.

27. At all times relevant, Bank of America Corp.'s annual gross volume of sales made or business done was not less than $500,000.

***Bank of America, N.A.***

28. Bank of America, N.A. is a nationally chartered banking association headquartered in Charlotte, North Carolina doing business as a bank, mortgage lender, and financial institution nationwide and within the State of Massachusetts.

29. Bank of America, N.A. is a wholly owned subsidiary of Bank of America Corp.

30. Throughout the relevant period, Bank of America, N.A. employed Plaintiffs and similarly situated employees within the meaning of the FLSA and the MWL.

31. Bank of America, N.A. is a covered employer within the meaning of the FLSA and the MWL, and, at all times relevant, employed and/or jointly employed Plaintiffs and

similarly situated employees.

32. At all times relevant, Bank of America, N.A. maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

33. Bank of America, N.A. applies the same employment policies, practices, and procedures to all Loan Officers.

34. At all times relevant, Bank of America, N.A.'s annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

35. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

36. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

37. The amount in controversy in this matter exceeds the sum or value of $5,000,000 exclusive of interest and costs.

38. At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

39. Plaintiffs' claims involve matters of national or interstate interest. Citizenship of the members of the proposed class is dispersed among a substantial number of states.

40. Upon information and belief, Defendants are subject to personal jurisdiction in Massachusetts.

41. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

42.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiffs bring the First Cause of Action, FLSA overtime claims, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as Loan Officers at any location in the United States between August 2, 2015 and the final date of judgment, who elect to opt-in to this action (the "FLSA Collective").

44.     All of the work that Plaintiffs and the FLSA Collective members have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective members have performed.

45.     Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a.  willfully failing to pay Plaintiffs and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours per workweek; and

    b.  willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective members, have worked for the benefit of Defendants.

46.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

47.     Defendants are aware or should have been aware that federal law requires them to pay Plaintiffs and the FLSA Collective members the minimum wage for all hours worked and to pay an overtime premium for hours worked in excess of 40 per workweek.

48.     Defendants are aware or should have been aware that federal law requires them to pay employees performing non-exempt duties, including Plaintiffs and the FLSA Collective members, an overtime premium for hours worked in excess of 40 per workweek.

49.     Defendants are jointly and severally liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.

50.     Upon information and belief, Plaintiffs and the FLSA Collective members are similarly situated and have been underpaid by Defendants in violation of the FLSA and would benefit from the issuance of a court-supervised notice of the lawsuit and opportunity to join the lawsuit.

51.     Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

52.     The FLSA Collective is known to Defendants, readily identifiable, and can be located through Defendants' records.

53.     Plaintiffs and the FLSA Collective members all perform or performed the same primary duty.

## CLASS ACTION ALLEGATIONS

54.     Plaintiffs brings the Second Cause of Action, MWL overtime claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated persons who work or have worked for Defendants as Loan Officers at any location in Massachusetts between August 2, 2015 and the date of final judgment in this matter (the "Rule 23 Class").

55. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

56. The proposed Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

57. Upon information and belief, the size of the Rule 23 Class is at least 40 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

58. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

59. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. whether Defendants violated the MWL;

    b. whether Defendants failed to compensate Plaintiffs and the Rule 23 Class members for hours worked in excess of 40 hours per workweek;

    c. whether Plaintiffs and the Rule 23 Class members qualify for an exemption to overtime payment under the law;

    d. whether Defendants maintained a policy or practice of requiring, suffering, or permitting Plaintiffs and the Rule 23 Class members to work more than 40 hours per week without proper overtime compensation;

  e. whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class members, and other records required by the MWL;

  f. whether Defendants failed to furnish Plaintiffs and the Rule 23 Class members with an accurate statement of wages, hours worked, rates paid, gross wages, deductions, and net wages as required by the MWL;

  g. whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

  h. the nature and extent of class-wide injury and the measure of damages for those injuries.

60. Plaintiffs' claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.  All the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime, failing to provide proper wage statements and notice, and failing to maintain accurate records of time worked by the Rule 23 Class members.  Bank of America's corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.  Plaintiffs and other Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

61. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members.  Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiffs

recognize that, as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.  Plaintiffs understand that, in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class.  Plaintiffs recognize that any resolution of a class action must be in the best interest of the class.  Plaintiffs understands that, in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs and the Rule 23 Class members.

62. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual Rule 23 Class members would create a risk of

inconsistent and/or varying adjudications with respect to the individual Rule 23 Class members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

63. Upon information and belief, Defendants and other employers throughout the state violate the MWL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

64. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

65. Plaintiffs have exhausted their administrative remedies by filing Non-Payment of Wage and Workplace Complaint Forms with the Massachusetts Office of the Attorney General.

## COMMON FACTUAL ALLEGATIONS

66. Throughout their employment with Defendants, Plaintiffs and the members of the FLSA Collective and the Rule 23 Class (collectively "Class Members") consistently worked more than 40 hours per week.

67. Class Members' work projects were assigned to them by their superiors.

68. Defendants were aware that Class Members worked more than 40 hours per workweek, yet Defendants failed to pay Plaintiffs any overtime compensation for any of the hours worked over 40 in a workweek.

69. Defendants did not keep accurate records of hours worked by the Class Members.

70. Class Members' sales activities took place at local retail branches, at various central loan offices, or at their homes.

71. Loan Officers had regular weekly hours at their assigned branches, and scheduled appointments and met with customers there.

72. Class Members' primary duties were non-exempt duties including:

   a. calling or meeting customers to solicit the sale of mortgage products;

   b. using an automated computer system to determine customers' loan eligibility; and

   c. soliciting new customers.

73. Class Members' primary duty was not directly related to Defendants' or Defendants' customers' management or general business operations.

74. Plaintiffs' primary duty did not include the exercise of discretion and independent judgment regarding matters of significance. In that regard, Plaintiffs:

   a. were not involved in planning Defendants' or Defendants' customers' long or short-term business objectives;

   b. could not formulate, affect, implement or interpret Defendants' or Defendants' customers' management policies or operating practices;

   c. did not carry out major assignments that affected Defendants' or Defendants' customers' business operations;

        d.        did not have authority to commit Defendants or Defendants' customers in matters that have significant financial impact; and

        e.        could not waive or deviate from Defendants' or Defendants' customers' established policies or procedures without prior approval.

75. Pursuant to corporate polices, Defendants have required, suffered, and permitted Plaintiffs and Class Members to work hours beyond their regular schedules without proper pay.

76. Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of all time worked by Plaintiffs and Class Members and failed to furnish wage and hour records showing all hours worked or all wages earned and due for all work performed for labor or services rendered.

**FIRST CAUSE OF ACTION**
**FLSA, 29 U.S.C. §§ 201 *et seq.* – Unpaid Overtime Wages**
**(Brought by Plaintiffs Individually and on Behalf of the FLSA Collective)**

77. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

78. Defendants have engaged in a pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

79. At all relevant times, Plaintiffs and the FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

80. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

81. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

82. At all times relevant, Plaintiffs and the FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

83. Defendants have failed to pay Plaintiffs and the FLSA Collective members the overtime wages to which they were entitled under the FLSA.

84. Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

85. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the FLSA Collective members.

86. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

87. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

88. As a result of the unlawful acts of Defendants, Plaintiffs and the FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover from Defendants, jointly and severally, unpaid wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**MWL, Mass. Gen. L. c. 151 § 1 *et seq*. – Unpaid Overtime Wages**
**(Brought by Plaintiffs Individually and on Behalf of the Rule 23 Class)**

89. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

90. Defendants engaged in a pattern, policy, and practice of violating the MWL, as

detailed in this Class and Collective Action Complaint.

91. At all times relevant, Plaintiffs and members of the Rule 23 Class have been employees and Defendants have been their employer within the meaning of the MWL.

92. Plaintiffs and members of the Rule 23 Class are covered by the MWL.

93. Defendants have failed to pay Plaintiffs and the Rule 23 Class members overtime wages to which they are entitled under the MWL, Mass. Gen. L. c. 151 § 1A.

94. Defendants failed to pay Plaintiffs and the Rule 23 Class members overtime at a wage rate of one and one-half times their regular rate of pay.

95. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the Rule 23 Class members.

96. Defendants' violations of the MWL, as described in this Class and Collective Action Complaint, have been willful and intentional.

97. Due to Defendants' violations of the MWL, Plaintiffs and the Rule 23 Class members are entitled to recover from Defendants, jointly and severally, unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest, as provided for by MWL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all FLSA Collective members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay, liquidated damages, and penalties as permitted by law pursuant to the MWL;

D. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. Designation of named Plaintiffs as Class Representatives of the Rule 23 Class, and counsel of record as Class Counsel;

F. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under appropriate state law;

G. Pre-judgment interest and post-judgment interest as provided by law;

H. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

I. A reasonable incentive award for Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interests of Loan Officers, and the risks they are undertaking;

J. Attorneys' fees and costs of the action; and

K. Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 2, 2018
       Boston, Massachusetts

Respectfully submitted,

By: /s/ Hillary Schwab
Hillary Schwab, BBO #666029
Brant Casavant, BBO #672614
**FAIR WORK P.C.**
192 South Street, Suite 450
Boston, Massachusetts 02111
Telephone: (617) 607-3261
Fax: (617) 488-2261

**OUTTEN & GOLDEN LLP**
Justin M. Swartz*
Deirdre Aaron*
Nina Martinez*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
Paolo C. Meireles*
951 Yamato Rd, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888

*Attorneys for Plaintiffs and the Putative Class and Collective*

* *Pro hac vice* motion forthcoming